**UNITED STATES of America,
Appellee,**

v.

**Solomon Steve MARTINEZ, Appellant.**

**No. 71-1077.**

United States Court of Appeals,
Eighth Circuit.

Sept. 30, 1971.

Irvin Ruzicka and Dewey S. Godfrey, Jr., St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Solomon Martinez appeals from his jury conviction for willful and knowing

---

**25.** The record is silent as to the source of the funds contributed by Santa.

possession of goods which were stolen when moving in interstate commerce, in violation of 18 U.S.C. § 659 District Judge John H. Regan sentenced appellant to a term of six years imprisonment.

Appellant claims the trial court erred in its denial of appellant's motion to suppress certain proffered evidence; namely, representative cases of Timex watches which allegedly were the product of an unlawful search and seizure. The sole issue presented for review is whether or not the consent to the police search by the owner, joint-user and possibly lessor of the premises where the watches were in storage, one Terry Burris, rendered the search and subsequent seizure unlawful. We affirm.

On August 28, 1970, appellant and his son drove to the home of Terry Burris. There they unloaded from a U-Haul truck the cases of stolen watches and placed them in Burris' garage. The Burris home was a two-story, with a walkout basement-garage for a first floor. Burris had used and continued to use this area for parking his automobile, housing his dog and miscellaneous storage. Appellant offered to rent the garage but Burris said he was noncommital. The next day appellant gave Burris a combination padlock to be placed on the door. Burris was also given the combination.

Acting upon information received from an informant, two St. Louis police detectives went to the Burris home. On their first pass-by, they noticed the basement-garage door open and could see boxes stacked up on the floor. Burris met them at the front door where they requested he allow them to search the basement. Burris unlocked the lock and accompanied the detectives into the basement where they copied identification numbers from the boxes. The next

day the police and the F.B.I., pursuant to a search warrant, seized the cartons of watches.

From the superabundance of search and seizure cases which have arisen since the judicially created exclusionary rule was fashioned in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L. Ed. 657 (1914), and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), courts have approved three exceptions; one being where the search was consented to either by the subject of the search or by a third party under limited circumstances.

■ Originally couched in terms of a distinct personal right of the subject of the search which could be waived only directly or through an agent,[1] the consent exception as applied to third party consents has recently been focused on the third party. His legal and possessory rights to the premises or items searched, his relationship to the subject of the search and the circumstances as they objectively appear to the police at the time of the search are all to be considered in determining whether the third party possessed an independent right to consent to a warrantless search by the police which will operate to foreclose subsequent attempts at suppression by the subject of the search. See Wright v. United States, 389 F.2d 996 (8 Cir.1968) (co-tenants of apartment); Maxwell v. Stephens, 348 F.2d 325 (8 Cir.1965) (parent and child); White v. United States, 444 F.2d 724 (10 Cir.1971) (cohabiting unmarried female in a motel room); and United States v. Hughes, 441 F.2d 12 (5 Cir.1971). The rationale underlying this approach was stated in Frazier v. Cupp, 394 U.S. 731, 740, 89 S.Ct. 1420, 22 L.Ed.2d 684, (1969), where the defendant and another both used a duffle bag and the defendant claimed no consent other than his own

1. See Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); United States ex rel. Cabey v. Mazurkiewicz, 431 F.2d 839 (3 Cir. 1970); and Niro v. United States, 388 F.2d 535 (1 Cir. 1968). The logic underlying approval of third party consents based upon agency or implied agency has been particularly questioned. See Comment, "Third Party Consent to Search and Seizure," 33 U.Chi.L.Rev. 797 (1966).

could be effective in regard to his portion of the bag. "Petitioner in allowing Rawls to use the bag and in leaving it in his house, *must be taken to have assumed the risk* that Rawls would allow someone else to look inside it." (emphasis added).

On facts similar to the present case this Court in Drummond v. United States, 350 F.2d 983 (8 Cir.1965), ruled a third party consent to be valid where the lessee did not enjoy exclusive occupancy of the rented garage. There the consenting party-owner had subsequently enlisted in the defendant's unlawful enterprise and made use of the garage along with the lessee-defendants.

Applying the above law to the facts in this case, we conclude the consent to the search was valid. Burris continued to use the ground floor as his garage and basement. Martinez clearly had no exclusive *control nor right to* exclusive possession of the premises. In these circumstances he assumed the risk that Burris would allow others in the area.

Affirmed.