UNITED STATES of America,
Plaintiff,

v.

David Lee GRIGSBY, etc., et al.,
Defendant.

Magistrate's Docket No. 1.

No. 385.

United States District Court,
E. D. Kentucky,
Pikeville Division.

Dec. 17, 1973.

Eugene E. Siler, Jr., U. S. Atty., William L. Kirkland, John M. Compton, Asst.

U. S. Attys., Lexington, Ky., for plaintiff.

Francis Dale Burke, Pikeville, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

The defendants, David Lee Grigsby and Highland Music Company, Inc. have moved the Court to return property seized from them on October 11, 1973 and the defendant David Lee Grigsby has moved the Court to suppress the use of said property as evidence against him in any criminal proceeding. At an evidentiary hearing conducted at Jackson, Kentucky on October 11, 1973, the parties stipulated that a house belonging to the defendant, David Lee Grigsby, was searched without a warrant.

■ ■ ■ It is well settled under the Fourth Amendment that a search conducted without a warrant issued upon probable cause is *"per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions". Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576. It is equally well settled that one of the specifically established exceptions to the requirements of the Fourth Amendment is a search that is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). It is upon this exception that the United States relies as justification of their warrantless search of the defendant's former residence.

The articles seized were found in the former residence of David Lee Grigsby by Special Agents of the Federal Bureau of Investigation. One of the Agents, who were in the process of searching, pursuant to a warrant, a white mobile home one hundred (100) feet from the former residence of the defendant, went to that building in an attempt to ascertain the whereabouts of the owner of a vehicle parked in a lot apparently shared by the occupants of the mobile home and residence. While the Agent was on the porch of the latter building he observed through a window articles which he considered to be similar to those being sought in the search of the trailer. He then knocked at the door of the apparent residence and was admitted by an employee of the defendant's firm, Frederick Jerome Carter. After identifying himself to the employee, the Agent asked what activity was being conducted on the premises. In response, the employee volunteered to, and did, escort the Agent through the building where the items seized were viewed. The Agent testified at the evidentiary hearing that the employee was the sole occupant of the building which was not being used as a residence, but, rather, to house various items of sound recording and duplicating equipment as well as other such paraphernalia. The Agent further testified that the employee was apparently the person responsible for the activities being conducted in the building and had obvious control over the premises. At that time the items were seized, pursuant to Rule 41 F.R.Cr.P., by the Agents as being intended for use as a means of violating 17 U.S.C. §§ 1 and 101(e).

■ The defendants contend the burden of proving the existence of a set of circumstances giving rise to the consent exception lies with the government. Their proposition is indisputably correct. Schneckloth v. Bustamonte, *supra* at 222, 93 S.Ct. 2041; Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). They further contend that an employee lacks the authority to consent to a warrantless search of his master's premises citing United States v. Maryland Baking Co., 81 F. Supp. 560 (N.D.Ga.1948) as authority. For the reasons which follow, their position is untenable.

The authority cited by the defendants is not in point here as the question before the Court in that instance turned upon a statutory rather than a constitutional basis. United States v. Maryland Baking Co., *Id.* at 561; 21 U.S.C. § 374.

■ The validity of the search in question here turns upon the viability of a third party's consent to the search. The right of a third party to consent to a search of jointly controlled premises has been judicially recognized in circumstances involving varied relationships between the consenting party and the party against whom evidence is discovered: spouses, Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); McCravy v. Moore, 476 F.2d 281 (6th Cir. 1973); United States v. Alloway, 397 F.2d 105 (6th Cir. 1968); mistresses and lovers, United States v. Airdo, 380 F.2d 103 (7th Cir. 1967); hosts and temporary house guests, Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968); roommates, Wright v. United States, 389 F.2d 996 (8th Cir. 1968); automobile bailors and bailees, Anderson v. United States, 399 F.2d 753 (10th Cir. 1968); parents and children, United States v. Stone, 401 F.2d 32 (7th Cir. 1968); business partners, United States v. Sferas, 210 F.2d 69 (7th Cir. 1954) and employee and employer, United States v. Antonelli Fireworks Company, 155 F.2d 631 (2nd Cir. 1946). The third party's legal and possessory rights to the items or premises searched, his relationship to the subject of the search and the circumstances as they objectively appear to the police at the time of the search are all to be considered in determining whether the third party possessed an independent right to consent to a warrantless search by the police which will serve to operate as a foreclosure of any subsequent attempt to apply the exclusionary rule initially fashioned in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914). United States v. Martinez, 450 F.2d 864, 865 (8th Cir. 1971). The obvious rationale behind this approach was stated in Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969). There the Supreme Court announced, rather summarily, in response to the defendant's contention that a third party did not have the authority to consent to a search of the defendant's duffle bag which was jointly used by the defendant and the third party, that:

" . . . We will not, however, engage in such metaphysical subleties in judging the efficacy of . . . (the third party's) consent. Petitioner, in allowing . . . (the third party) to use the bag and in leaving it in his house, must be taken to have assumed the risk that . . . (the third party) would allow some one else to look inside. We find no valid search and seizure claim in this case." 394 U.S. at 740, 89 S.Ct. at 1425.

From the uncontroverted facts outlined above, it is easy to conceive how the Agent, who asked the employee for permission to "look around" the house, could have reasonably believed the employee had the authority to grant such a request. In Coolidge v. New Hampshire, the Supreme Court remarked:

" . . . The exclusionary rules were fashioned 'to prevent, not to repair' and their target is official misconduct. . . . But it is no part of the policy underlying the Fourth and Fourteenth Amendments to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals. If, then, the exclusionary rule is properly applicable . . . (here), it must be upon the basis that some type of unconstitutional police conduct occurred." 403 U.S. at 488, 91 S.Ct. at 2049.

The defendants have not offered the slightest implication that the Agent's actions amount to coercion or domination of the employee and as such would be unconstitutional.

■ The holding in this instance is limited. An employee, who concededly has a legal right to use the business premises, clothed with the apparent indices of control may consent to a warrantless search of the premises. The employer, in allowing the employee to use the premises under the circumstances here, must "be taken to have assumed the risk that . . . (he) would allow some one else to look inside. . . ." Frazier v. Cupp, *supra*.

The search and seizure in this instance was not unreasonable, and hence constitutionally impermissible. The defendants' motions for return of the seized property shall be and the same hereby are overruled. The motion to suppress of the defendant, David Lee Grigsby shall be, and the same hereby is, overruled.

It is so ordered this 17 day of December, 1973.