STATE of Iowa, Appellee,

v.

Wayne Glenn KNUTSON, Appellant.

No. 57092.

Supreme Court of Iowa.

Oct. 15, 1975.

Dean A. Wenzel, Cedar Rapids, and Jon M. Kinnamon and Jerald W. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction and sentence for rape in violation of § 698.1, The Code. He contends the trial court erred in overruling his motion to suppress evidence and in sentencing him to a life term upon inadequate information. We find no merit in his contentions and affirm the trial court.

I. The charge was based upon the alleged rape of a 20-year-old student on November 26, 1972, in the basement of an apartment in a Cedar Rapids residence. The apartment consisted of a main floor and basement. It was rented by Patricia McBride who lived there with her three small children. These premises were the scene of a search made shortly after defendant's arrest. The arrest occurred elsewhere an hour or so after the alleged offense. McBride consented to the search.

A bed and two chairs were located in one corner of the basement. The officers found the bed in disarray. On it was a white zipper, answering the description of one the complainant said had been torn from her jacket, and several articles of stained clothing. The officers seized these items and the bedding for use as evidence. Before trial, defendant moved to suppress this evidence, claiming the search was unlawful. He argued that he maintained his living quarters in the portion of the basement searched, that McBride had no authority to consent to a search of his quarters, and that the warrantless search was thus improper under the Fourth and Fourteenth Amendments to the United States Constitution.

After hearing, his motion was overruled, and the evidence was used against him at trial.

In considering defendant's challenge to the trial court's order overruling his motion to suppress, we review the relevant facts de novo. *State v. Boren,* 224 N.W.2d 14, 15 (Iowa 1974).

The record of the suppression hearing shows defendant and McBride had met

about four months before defendant's arrest. On two or three occasions after they became acquainted he stayed in the apartment while passing through Cedar Rapids. If the bed in the basement was in use, he slept on a couch upstairs. Then, for three or four weeks before the alleged rape, he had occupied the basement area regularly. He did not pay rent to McBride, but she was permitting him to stay there until he found somewhere else to stay.

The basement was not partitioned. In addition to the bed and chairs, it contained a washer, drier, furnace, storage area, and stool. McBride entered the basement at will, although she generally left the corner in which the bed and chairs were located alone. On one occasion she removed and washed the sheets on the bed.

 A search of property without a warrant but with valid consent is lawful. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). No presumptions against the adequacy of consent are indulged. "Rather, the community has a real interest in encouraging consent, for the resulting search may yield necessary evidence for the solution and prosecution of crime, evidence that may insure that a wholly innocent person is not wrongly charged with a criminal offense." *Id.,* 412 U.S. at 243, 93 S.Ct. at 2056, 36 L.Ed.2d at 872.

 When the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof consent was given by the defendant, but may show permission to search was obtained from a person who possessed common authority over or other sufficient relationship to the premises. Common authority stems from mutual use of the property by persons generally having joint access or control for most purposes. From such relationship, it is reasonable to recognize that any of the co-inhabitants has the right to permit a search in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched. *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242, 249–250 (1974).

 In the present case, defendant was at most a casual houseguest in McBride's apartment. He had not established an exclusive right to one corner of the basement. Whatever possessory interest he had was insufficient to deprive McBride of authority to grant consent to search that area. McBride's right of access was at least mutual with that of defendant. She clearly had authority to consent to the search. See *United States v. Matlock,* supra; *Weaver v. Lane,* 382 F.2d 251, 254 (7 Cir. 1967), cert. denied, 392 U.S. 930, 88 S.Ct. 2289, 20 L.Ed.2d 1390; *State v. Freese,* 166 N.W.2d 785, 787–788 (Iowa 1969).

The trial court did not err in overruling defendant's motion to suppress.

II. Defendant also contends the trial court abused its discretion by sentencing him to a life term upon inadequate information. We will only consider the aspects of this assignment of error regarding which error was preserved at trial. Defendant's other contentions are untimely. *State v. Greene,* 226 N.W.2d 829, 832 (Iowa 1975). Principles applicable to the proper exercise of trial court discretion in sentencing are discussed in *State v. Stakenburg,* 215 N.W.2d 265 (Iowa 1974), and *State v. Delano,* 161 N.W.2d 66 (Iowa 1968), and need not be repeated here.

The record shows the trial court ordered a pre-sentence investigation after defendant's conviction. The court furnished counsel with a copy of the resulting report. The pre-sentence investigator, a probation officer with the bureau of adult corrections, was called as a witness by defense counsel and testified extensively. Defendant also testified. The trial judge had presided over a competency hearing held before trial and had the benefit of testimony offered on that occasion as well as reports of mental evaluations of defendant done for that proceeding.

■ Counsel for defendant criticized the pre-sentence investigator for allegedly letting his personal feelings color his report and for not consulting defense counsel in his investigation. However, the investigator had interviewed defendant for two and one-half hours. He had obtained defendant's version of events. Moreover, the defense attorney said he had made a thorough investigation of defendant's background during the year the case was pending trial, and he was accorded full opportunity in the sentencing proceeding to offer any evidence and arguments he had. Defendant's challenge of the pre-sentence investigator's objectivity appears unjustified. In any event, no basis exists for suggesting the sentencing judge abandoned his discretion in following the investigator's sentencing recommendation.

Defendant's attorney also criticized the investigator for not checking firsthand into reports of prior employment of defendant and for not consulting the psychiatrists who had examined defendant to obtain their sentencing recommendations.

The alleged lack of firsthand information about defendant's past employment was answered in defendant's testimony in the sentencing proceeding. No particular materiality appears. Certainly, no prejudice was shown.

The psychiatric evidence available to the court was extensive. That it was obtained in relation to a competency hearing rather than the sentencing proceeding does not denigrate its quality or accuracy. Defendant had been thoroughly tested, observed, and evaluated. No mental illness was found. Hospitalization was deemed unnecessary, although one psychiatrist reported defendant, if properly motivated, might benefit from psychiatric counselling. He also said that defendant could satisfactorily adjust to a jail setting and that imprisonment would be an appropriate way to teach him accountability for his behavior.

■ We decline to hold that a trial judge must obtain psychiatric recommendations regarding an appropriate sentence simply because a life sentence is under consideration. He has the right but not the duty to do so.

■ Under this record, the trial judge was furnished sufficient information upon which to pass sentence. *State v. Cupples,* 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967). Defendant had full opportunity to challenge it or add to it as he saw fit. Essentially, the sentencing judge could reasonably find from this information that defendant was a 20-year-old single man, without mental illness, with a history of sex offenses starting at age 14. See *State v. Knutson,* 220 N.W.2d 575 (Iowa 1974). He could find defendant had not responded previously to rehabilitative efforts and would not be likely to do so in the future. In addition, this data would support a finding defendant constituted a serious danger to the community and showed no indication of motivation to accept responsibility for his conduct. The pre-sentence hearing was comprehensive and exhaustive. The trial court did not abuse its discretion in giving defendant a life sentence upon the record made.

Affirmed.