**Aaron Homer CHRISTENSON, Applicant-appellant,**

v.

**STATE of Iowa, Respondent-Appellee.**

**No. 2–67245.**

Court of Appeals of Iowa.

Aug. 26, 1982.

Patrick R. Grady, Asst. Appellate Defender, Des Moines, for applicant-appellant.

Thomas J. Miller, Atty. Gen. and Roxann M. Ryan, Asst. Atty. Gen., for respondent-appellee.

PER CURIAM.

Christenson appeals an adverse summary judgment on his application seeking postconviction relief from the 1980 revocation of his probation. On appeal Christenson asserts that trial court failed to state its reasons for revoking Christenson's probation, that such failure violated his constitutional right of due process and was not satisfactorily remedied by trial court's postrevocation order stating reasons, and that the postconviction court therefore should have granted a new dispositional hearing to determine whether Christenson's probation should have been revoked. We affirm.

After hearing evidence presented by the State and by petitioner, the court found that Christenson had violated the terms of his probation by committing the offense of false use of a financial instrument and by violating the rules of the residential treatment facility to which he had been committed. The court then concluded that the probation granted to the defendant should be revoked and that he should serve the sentences previously imposed upon him. At that time, the court did not file a written statement of its reasons for revoking Christenson's probation.

After hearing testimony by a counselor at the residential treatment facility, by Christenson's probation officer, and by the defendant himself, as well as recommendations of the counselor, the probation officer, and Christenson's counsel as to the proper disposition of the case, the court found that Christenson had committed a variety of offenses against the laws of the State of Iowa and the rules of the residential treatment facility. Following its extensive findings of fact on the matter, the trial court stated:

> The Court concludes that the State has established the foregoing facts by a preponderance of the evidence and that the probation heretofore granted to the defendant should be revoked and the defendant committed in obedience to the prior judgment of this court dated October 13, 1980, and filed in this cause on October 14, 1980.

From the context, it is clear that the court intended to indicate that the facts related in the paragraph just preceding the conclusion were the reasons for the court's having arrived at that conclusion.

In all relevant respects, this case is similar to *Rheuport v. State,* 238 N.W.2d 770 (Iowa 1976), in which the trial court considered both the fact that a parole violation had been proved and what ought to be done about it. *Rheuport, supra,* at 773. The court there considered both questions at a single hearing. There, too, the court did not make written findings showing the evidence upon which it relied and reasons for revoking probation until a year after the revocation hearing. *Id.* at 775.

In *Rheuport, supra,* at 775, the court concluded that "an oral statement of such findings by the factfinder, made in open court in the presence of the defendant and recorded by a reporter, is substantially equivalent to the written statement" required by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The trial court in the instant case has already supplemented its findings with a written statement of reasons that does not differ in any significant way from those given orally at the time of the revocation hearing.

In view of the substantial similarity of the facts in this case to those in *Rheuport,* and the fact that a written statement of reasons has been filed, we conclude that the defendant's rights under the Iowa Code and the due process clause of the U.S. Constitution have not been violated. Having considered all of petitioner's arguments, whether specifically noted in this opinion or not, we find them to be without merit.

AFFIRMED.