STATE of Iowa, Plaintiff–Appellee,

v.

Elmer CARTER, Jr., Defendant–Appellant.

No. 94–882.

Court of Appeals of Iowa.

July 25, 1995.

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General,

Thomas S. Mullin, County Attorney, and Jill Pitsenbarger, Assistant County Attorney, for appellee.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

SACKETT, Presiding Judge.

Defendant-appellant Elmer Carter, Jr. was convicted of theft in the first degree in violation of Iowa Code sections 714.1(1) and 714.2(1) (1993). Defendant contends the trial court erred in not granting his motion to suppress evidence he claims was not properly seized in a search. We affirm.

Defendant was charged with taking a plain, expensive, black leather purse with a zipper enclosure from a woman while she was entering the Green Gables Restaurant in Sioux City, Iowa. The purse was subsequently recovered from an apartment defendant shared with Keri Quoetone. The apartment was being searched following the issuance of a search warrant. The warrant issued because a vehicle belonging to Quoetone was thought to have been used in a Sioux City jewelry store robbery. Quoetone consented to the search of the vehicle and, during the search, it was identified as the car used in the theft of the purse at the Green Gables Restaurant. Quoetone then talked with the officers and told them she found a purse matching the description of the one taken at the Green Gables Restaurant on the bed she and defendant shared. She asked defendant where he got the purse. Defendant had told her it was not her business. Quoetone said she did not know where the purse came from, but she was willing to get it for the officers.

The officers, waiting for a warrant to search her apartment, told her they would take it when they executed the search. The warrant that issued authorized a search for evidence from the jewelry store robbery, and the black purse was not listed on the warrant. There is no claim made by the State that the purse was connected with the jewelry store robbery.

During the search, Quoetone gave the officers the purse. It was later identified as the purse taken at the Green Gables Restaurant.

At trial, defendant was identified as the person taking the purse.

Defendant contends both in the trial court and here that the purse should be suppressed because, when it was seized, it was beyond the scope of the warrant, was taken without consent, and there was not probable cause to take it.

The trial court found the seizure of the purse was consensual.

We agree with defendant that there is no showing the purse was included in the warrant. We find it unnecessary to determine whether there was probable cause to take the purse.

The focal question is whether Quoetone had authority to give the officers the purse. There was no evidence the purse was hers. Defendant contends Quoetone had no authority to give the purse to the officers, and it was not enough that the purse was in the room Quoetone shared with him.

 Generally, a person who has some common authority over an item or control over the premises where the object sought to be seized is located may consent to a seizure of the object. *See generally United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242, 249–50 (1974). Quoetone lived in the apartment being searched and, therefore, had joint access or control over the property being searched. *See State v. Knutson*, 234 N.W.2d 105, 107 (Iowa 1975). The purse was kept in the bedroom and was not in any way in defendant's exclusive control. *See United States v. Block*, 590 F.2d 535, 541 (4th Cir.1978). It was not necessary for the State to show she owned the questioned object to have authority to consent. *See Frazier v. Cupp*, 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684, 693–94 (1969).

We affirm.

**AFFIRMED.**