**IN THE COURT OF APPEALS OF IOWA**

No. 15-0967
Filed September 14, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JENNIFER MARY BEADER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

        Jennifer Beader appeals revocation of her deferred judgment. **AFFIRMED.**

        John L. Dirks of Dirks Law Firm, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Jennifer Beader appeals revocation of her deferred judgment and imposition of judgment and sentence on her conviction for theft in the third degree. She claims her admissions that she violated probation by failing to pay restitution and being out of contact with her probation officer violated her due process rights because the admissions should have been subject to the same constitutional protections and rules of procedure as a guilty plea. She argues the court was required to assure her admissions were made knowingly and intelligently in compliance with *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974), and *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969). She also argues the law requires proof she willfully failed to pay the restitution as ordered, her admissions were not adequate to satisfy that requirement, and her attorney was ineffective in failing to present evidence of mitigating factors. We affirm.

We review appeals from probation-violation proceedings for correction of errors at law. Iowa R. App. P. 6.907. We review constitutional claims de novo. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013). We review ineffective-assistance-of-counsel claims de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

The State argues Beader has not preserved error because she did not object to the proceedings or raise a due process claim at the district court. We determine she has adequately raised her appeal issues under the ineffective-assistance-of-counsel rubric and therefore address them. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."). To succeed on a claim

of ineffective assistance of counsel, Beader must show by a preponderance of the evidence: "(1) [her] trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (citation omitted). Failure to prove either prong is fatal to the claim. *State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006).

"[T]he requisite degree of proof in a revocation proceeding is a preponderance of the evidence." *Rheuport v. State*, 238 N.W.2d 770, 772 (Iowa 1976). Competent evidence is sufficient. *Id.* The rules of evidence do not apply to proceedings for granting or revoking probation. Iowa R. Evid. 5.1101(c)(4). Beader has cited no authority in support of a requirement that during a probation-violation-complaint hearing she is entitled to the same constitutional protections afforded a criminal defendant in a guilty plea proceeding, and we find none. We decline to extend the protections she requests.

Beader does not challenge the sufficiency of the evidence to revoke her probation, but argues the court was not presented with evidence in mitigation. She has blurred the lines between the two phases of a probation-violation proceeding. *See Rheuport*, 238 N.W.2d at 773 (noting due process requires probation revocation proceedings to consist of two separate stages, although the stages may be combined into one hearing). First, there must be an adjudication as to whether there was a violation. *Id.* If there is an adjudicatory finding that there was a violation, then there is a dispositional phase during which the court will consider any mitigating circumstances. *Id.* Here, Beader admitted to the alleged violations. She did not put the State to their proof, as she had reached an agreement that the State would not request revocation of her deferred

judgment or probation and would not request she be sent to prison, but would request extension of her probation, a finding of contempt, a suspended jail sentence for the contempt, and a payment plan for the restitution.

A deferred judgment may be withdrawn "[u]pon a showing that the defendant is not cooperating with the program of probation or is not responding to it." Iowa Code § 907.3(1)(b) (2015). "Before taking such action, the court shall give the defendant an opportunity to be heard on any matter relevant to the proposed action." *Id.* At the adjudicatory phase of the proceeding, Beader was asked whether she wanted to admit she violated probation, whether she violated probation by failing to maintain contact with her probation officer, and whether she failed to pay her restitution. She answered each question in the affirmative. In this appeal, she argues the court was required to find she willfully violated probation. She has cited not authority for a willfulness requirement. The evidence was competent and sufficient to support the district court's adjudication that Beader had not complied with all the requirements of her probation. Mitigating evidence is appropriately considered in the analysis of the dispositional phase.

Having adjudicated her violations, the court proceeded to the dispositional phase. During this phase, Beader's counsel explained Beader's father had died, Beader had incurred expenses because of her father's death, and the death "was very emotionally jarring" for Beader. Counsel also reviewed Beader's restitution payment history, her employment status, and her acceptance of responsibility for her failures. The court gave Beader an opportunity to make a statement, during which she apologized to the court and others. The court then reviewed the

history of the conduct that led to Beader's conviction, her grant of a deferred judgment, and a previous probation-revocation hearing that resulted in a suspended jail sentence for contempt. The court concluded street probation had not been successful and revoked her deferred judgment, imposed judgment, sentenced her to prison, suspended the prison sentence, and placed her on probation with a condition she reside at a residential facility.

On our de novo review, we find counsel adequately argued facts in mitigation and Beader had an adequate opportunity to be heard at the dispositional phase. Accordingly, we affirm.

**AFFIRMED.**