# IN THE COURT OF APPEALS OF IOWA

No. 22-1294
Filed June 7, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MADISON ELIZABETH MARY VIERS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

A defendant appeals the revocation of her deferred judgment. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BADDING, Judge.**

Madison Viers pled guilty to trafficking in stolen weapons. Honoring the parties' agreement, the court granted Viers a deferred judgment. The order deferring judgment placed Viers on probation for two years, required her to "immediately report" to the judicial district department of correctional services for probation supervision, and advised: "Upon violation of the terms of probation, the court will enter judgment of guilty and sentence defendant."

Less than two months later, on May 17, 2022, the department filed a report of probation violations, alleging Viers failed to comply with the requirement that she "initiate and maintain specific contact with the probation officer." The report claimed the officer had been unable to contact Viers since receiving the file on April 27, and Viers failed to appear or call in for scheduled appointments on May 2 and 9. A warrant was issued for Viers's arrest, and she was taken into custody in mid-June.

At the revocation hearing in July, Viers stipulated to violating her probation as alleged. The State recommended revoking her deferred judgment and imposing a suspended sentence, with residence at a treatment facility as a condition of probation. Highlighting the "nature of the violations," her acceptance of "responsibility for what happened," and her time in jail since arrest, Viers argued for contempt with credit for time served and continued probation with the deferred judgment remaining in place. The court elicited information about Viers's family and employment circumstances before questioning the probation officer about the ongoing viability of probation. The officer agreed with the State's recommendation, explaining continued probation would not be "realistic" given Viers's "stability

issues." The officer then pointed out that "she was on pretrial before she came to me through intake, so she knows how the probation process works and made no contact" and "this went on for nearly six weeks where I called, emailed, every time, a number that I had and was not able to get in contact with her."

The court decided to revoke Viers's deferred judgment. After hearing her statement of allocution and the parties' recommendations, the court imposed a suspended sentence with placement in a residential treatment facility for one year as a condition of probation. The court explained:

> In pronouncing judgment and sentence today, the court has considered the factors set forth in the Iowa Code. I've considered the Defendant's age, nature of this offense, the recommendations of counsel, as well as the Defendant's own allocution, her family circumstances, her employment history. And in pronouncing judgment and sentence, I think the sentence most likely to protect the community and deter future conduct of like nature would be to place the Defendant in the Residential Facility—suspend her sentence and place her in the Residential Facility for one year or maximum benefits.

In its written order, the court "conclude[d] the defendant's deferred judgment should be revoked and sentence imposed." The court separately stated its "reasons for sentence," which included some of the factors noted above.

Viers now appeals, for which she has good cause. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause to appeal following guilty plea where defendant was challenging "the order revoking her deferred judgment and entering a judgment of conviction and sentence"). She simply claims her "deferred judgment should not have been revoked" because the court "did not state a reason for the revocation."

We will only overturn revocations upon an abuse of discretion, which "occurs when the court exercises its discretion on grounds of for reasons that are clearly untenable or unreasonable" or "based on an erroneous application of the law." *Id.* at 4 (quoting *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019)). The supreme court has "observed that 'revocation involves a serious loss of liberty' and 'due process requires written findings by the court showing the factual basis for the revocation.'" *Id.* at 5 (quoting *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994)). But "[t]hose findings can be made orally on the record or in the written order." *Id.*

Despite this longstanding and clear authority allowing the court to state its revocation rationale orally on the record, Viers argues a "written statement [is] required in order to revoke probation." Yet even the case she cites to support that proposition, *Christenson v. State*, says otherwise. *See* 325 N.W.2d 922, 923 (Iowa Ct. App. 1982) ("'[A]n oral statement of such findings by the factfinder, made in open court in the presence of the defendant and recorded by the reporter, is substantially equivalent to the written statement' required by *Morrisey v. Brewer*, 408 U.S. 471 (1972)." (quoting *Rheuport v. State*, 238 N.W.2d 770, 775 (Iowa 1976)). And Viers does not argue that the court's oral statements about its reasons for revocation were insufficient. Even if she did, such a challenge would be meritless.

A revocation decision is a two-step inquiry: (1) "whether the person has acted in violation of one or more conditions of his or her probation" and (2) "whether the person should be committed to prison or whether the court should take other steps to protect society and improve chances of rehabilitation." *Covel*, 925 N.W.2d at 187. Viers stipulated to violating probation, so the only question before the court

was whether she should continue on probation or whether other steps should be taken for rehabilitation. *Id.* at 188.

On that question, the State recommended a different effort at rehabilitation—imposition of a suspended sentence with one year at a residential treatment facility as a condition of probation. Viers recommended staying the course on probation, with a slight contempt detour. After questioning Viers about her family and employment circumstances, the court received information about why Viers's stability issues would make staying the course an unrealistic option for rehabilitation. Later, the court explained that its decision to enter judgment on the conviction, and impose the sentence it did, was based in part on its consideration of Viers's age, family, and employment circumstances; the recommendations of the parties; community protection; and deterrence.

Finding the court provided a sufficient factual basis for revocation orally on the record, which Viers does not dispute, we affirm.

**AFFIRMED.**