# IN THE COURT OF APPEALS OF IOWA

No. 15-0134
Filed October 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL HOWARD BELIEU,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Kevin Parker (motion to suppress), Richard B. Clogg (trial), and Susan Cox (sentencing), District and District Associate Judges.


        A criminal defendant appeals his conviction challenging the denial of his motion to suppress. **AFFIRMED.**


        Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Tyler J. Buller, Assistant Attorneys General, John Criswell, County Attorney, and Douglas A. Eichholz and Richmond Alexander Crabb, Assistant County Attorneys, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Michael Belieu appeals from his conviction for possession of marijuana, claiming law enforcement violated his constitutional protection against unreasonable search and seizure when an officer discovered contraband in the bedroom used by Belieu in his grandfather's home. Because we conclude his grandfather had authority to consent to the search, we affirm.

I.      **Background Facts and Proceedings**

On August 1, 2013, Gayland McDole called law enforcement to report he had been assaulted by his nineteen-year-old grandson, Michael Belieu. Sergeant Eldon Emmick of the Warren County Sheriff's Department went to the McDole home. Belieu was not there. McDole told the sergeant his grandson lived there but had not been paying rent, despite some expectation that he would. McDole described going into his grandson's bedroom to wake him because he was supposed to be at work and then chastising him because his girlfriend was staying over in violation of a no-contact order. McDole told the sergeant that "some pushing and shoving took place." McDole also told the sergeant he suspected Belieu had been using drugs "given his attitude and actions." McDole then gave permission for Sergeant Emmick to search the home.

McDole identified Belieu's bedroom as the last door at the end of the hall. Sergeant Emmick found the door to Belieu's room "standing open." Inside the bedroom on the dresser, Emmick found a smaller canister in a felt bag holding a grinder for processing marijuana. In the same location, the sergeant found small

electronic scales and a green metal pipe, "[b]oth of which had a green leafy substance on them." The substance later tested positive as marijuana.

The State charged Belieu with possession of marijuana, first offense, a serious misdemeanor, in violation of Iowa Code section 124.401(5) (2013). Belieu moved to suppress the contraband found during the warrantless search of his bedroom. The motion cited both the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Iowa Constitution. The district court held a suppression hearing at which Sergeant Emmick was the only witness. The court denied the motion to suppress, concluding McDole had authority to consent to the search of Belieu's bedroom. Belieu waived his right to a jury trial and proceeded to a trial on the minutes of testimony. On October 30, 2014, the district court found Belieu guilty beyond a reasonable doubt. The sentencing court imposed no jail time, but required Belieu to pay a fine of $750 plus surcharges and costs. Belieu now appeals.

## II.    Standard of Review

The constitutional claims underlying the motion to suppress require de novo review. *See State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). This review involves "an independent evaluation of the totality of the circumstances as shown by the entire record." *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011) (citation and internal quotation marks omitted).

### III.   Analysis

#### A.  Preservation of Error

Before we begin our analysis, we address the State's argument that Belieu's claim is limited to the Fourth Amendment.   The State first contends Belieu did not preserve a challenge under Article 1, Section 8 because the district court did not address the Iowa Constitution.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be raised and decided by the district court before we will decide them on appeal.").  Alternatively, the State argues if error was preserved in the district court, it is waived on appeal because Belieu does not advocate for a more protective standard under the state constitution.  *See State v. Lyon*, 862 N.W.2d 391, 398 (Iowa 2015).

We conclude Belieu preserved his claim under both the state and federal constitution in his motion to suppress.  *See State v. Gaskins*, 866 N.W.2d 1, 6 (Iowa 2015) ("When there are parallel constitutional provisions in the federal and state constitutions and a party does not indicate the specific constitutional basis, we regard both federal and state constitutional claims as preserved. . . .  Even in these cases in which no substantive distinction had been made between state and federal constitutional provisions, we reserve the right to apply the principles differently under the state constitution compared to its federal counterpart.").  We also read his appellate brief, citing *State v. Pals*, 805 N.W.2d 767, 779 (Iowa 2011), as entertaining the possibility of "greater protection of a guest's search and seizure rights" under the Iowa Constitution.

"Generally, the rights contained in the Fourth Amendment and the Iowa Constitution are deemed to be identical in scope, import, and purpose." *State v. Fleming*, 790 N.W.2d 560, 564 (Iowa 2010) (internal quotation marks omitted). But our courts reserve the right to apply a more rigorous test under our state constitution. *Gaskins*, 866 N.W.2d at 6.

### B. Consent Search

Belieu argues Sergeant Emmick was without authority to search his bedroom and improperly opened the container he found on the dresser. We employ a two-step approach to determine if the officer's actions violated Belieu's rights under the Fourth Amendment[1] or article I, section 8.[2] *See State v. Lowe*, 812 N.W.2d 554, 567 (Iowa 2012). "First, we decide whether the person challenging the search has shown a legitimate expectation of privacy in the area searched. If so, we then consider whether the State has unreasonably invaded that protected interest." *Fleming*, 790 N.W.2d at 564.

Belieu points out that overnight guests have a legitimate expectation of privacy in their host's home, *see State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa

[1] The Fourth Amendment reads:
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

[2] The section reads:
> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized.

Iowa Const. art. I, § 8

2001), and asserts he was "far more" than an overnight guest in his grandfather's home. We agree Belieu had a legitimate expectation of privacy in his bedroom and consider the second question, whether law enforcement unreasonably invaded his protected interest.

Sergeant Emmick did not have a search warrant. To be reasonable, searches executed without warrants must fall within a recognized exception to the warrant requirement. *See State v. Kelly*, 284 N.W.2d 236, 238 (Iowa 1979). Consent is one of those exceptions. *Id.* Consent to search "may be given by a third party who possesses common authority over or other sufficient relationship to the premises." *See State v. Bakker*, 262 N.W.2d 538, 546 (Iowa 1978) (citing *United States v. Matlock*, 415 U.S. 164, 171 (1974)). The authority to consent may be actual or apparent. *Lowe*, 812 N.W.2d at 576. Apparent authority will validate a search where the officer reasonably believes the person who has consented has the authority to do so. *Id.* The question is whether the facts available to the officer at the time of the search would warrant a reasonably cautious person in the belief that the consenting party had authority over the place to be searched. *Id.*

In this case, McDole gave Sergeant Emmick permission to search his entire two-bedroom residence. Emmick knew McDole was a valid occupant of the residence. But Belieu argues the consent search was invalid because the incriminating items found were in Belieu's separate bedroom which had a door with a lock. Belieu asserts although he "could expect his grandfather to have guests, it is not reasonable to expect that his grandfather would allow said guests

to enter [Belieu]'s room and search through [Belieu]'s personal belongings and things concealed."

Iowa case law does not support Belieu's position. The district court aptly relied on *State v. Don*, 318 N.W.2d 801 (Iowa 1982), in deciding the grandfather had authority to consent to the search of Belieu's bedroom. In *Don*, our supreme court found a father had authority to consent to a search of his nineteen-year-old son's room in the basement of his home. 318 N.W.2d at 804 (noting authority stemmed from mutual use of the property by persons having joint access and control). The *Don* court explained the father never went to the basement due to knee problems, but the father owned the home and "insisted no one could keep him out of any part of it." *Id.* The court also noted the son did not pay rent and lived in the home as "an ordinary family member." *Id.*

Given the similarity of the facts before us, *Don* dictates our result on the Fourth Amendment question. McDole allowed Belieu, his nineteen-year-old grandson, to occupy a bedroom in the grandfather's residence. McDole told Sergeant Emmick that Belieu did not pay rent. *Compare Fleming*, 790 N.W2d. at 566, *with Don*, 318 N.W.2d at 804. McDole also shared with the sergeant that McDole maintained access to Belieu's room—having been in there earlier that day to roust his grandson from bed. Moreover, the door to the bedroom was unlocked and standing open at the time the sergeant entered. Using an objective standard, the sergeant could have reasonably believed McDole had authority to consent to the search of the bedroom. *See Lowe*, 812 N.W.2d 576. The situation faced by Sergeant Emmick was not so ambiguous as to require

additional questioning of McDole. *Contra State v. Grant*, 614 N.W.2d 848, 854 (Iowa Ct. App. 2000) (requiring further inquiry where couple found sleeping naked in bedroom of third party's residence and police could not tell relationship between parties or what belonged to whom). We conclude the consent search of Belieu's bedroom was valid under the Fourth Amendment.[3]

Belieu also focuses on the fact that Sergeant Emmick opened a container to find the grinder used to process marijuana. The district court clarified in the suppression ruling that the sergeant saw the scales and drug paraphernalia in plain view which gave him cause to open the canister found in proximity to the other incriminating items. The court cited *State v. Dickerson*, 313 N.W.2d 526, 532 (Iowa 1981), which held that officers who were in a place they had a right to be did not intrude on the defendant's reasonable expectation of privacy by their visual observations. Whether the sergeant had valid consent to search the closed container depends upon McDole's common authority over the items on the dresser, or mutual use of the property, or whether the grandfather generally had joint access or control for most purposes. *See Matlock,* 415 U.S. at 171-172. But we do not need to reach the question of consent to search the closed container, because the sergeant found marijuana on the other items in plain view.

---

[3] A majority of other jurisdictions take this same view. *See* Wayne R. LaFave, *4 Search & Seizure: A Treatise on the Fourth Amendment* § 8.4(b) Consent by parent (5th ed.) (collecting cases and noting even when the offspring have reached adulthood, courts are disinclined to find that the son or daughter had exclusive possession of a particular room in the parents' residence).

Finally, we turn to the question whether article I, section 8 of the Iowa Constitution requires a different resolution. We recognize that in *Fleming*, our supreme court relied on the state constitution to find a violation of the defendant's protected interest in his rented bedroom which was searched pursuant to a warrant for the house he shared with the target of the police investigation. 790 N.W.2d at 563. The *Fleming* court rejected the community living exception to the need for a separate warrant, reasoning: "when single, unrelated persons live together in a house, the kitchen, living room, bathroom, hallways and entryways are communal space, but the individual bedrooms remain private." *Id*. at 567. *Fleming* does not control the state constitutional question here. *Fleming* did not involve an issue of authority to consent to the search of a bedroom where a close family member was staying rent free. Belieu has not provided us with any reason to interpret the state constitutional provision any differently than the *Don* court interpreted the Fourth Amendment. *See Lowe*, 812 N.W.2d at 577. Accordingly, we agree with the district court's denial of the motion to suppress, and affirm Belieu's conviction.

**AFFIRMED.**