# IN THE COURT OF APPEALS OF IOWA

No. 21-1952
Filed November 17, 2022


**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DALE LEE SPAULDING,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Greene County, Joseph B. McCarville, District Associate Judge.


A defendant appeals his conviction for operating while intoxicated, in violation of Iowa Code section 321J.2 (2020). **AFFIRMED.**


Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Dale Spaulding appeals his conviction for operating while intoxicated, in violation of Iowa Code section 321J.2(2)(a) (2020). He alleges there was insufficient evidence to support his conviction. Finding to the contrary, we affirm.

### I. Background Facts and Proceedings.

Shortly before 3:00 a.m. on November 29, 2020, two uniformed police officers responded to a radio report of a stationary vehicle with a potentially unconscious driver. Upon arrival, officers found Spaulding seemingly asleep in the driver's seat of a vehicle. The vehicle was stopped at an intersection but still in drive. Officer Johnathan Young knocked on the window of the vehicle until Spaulding awoke. After Spaulding placed the vehicle into park, Officer Young administered standardized field-sobriety and advanced-roadside-impairment testing. Officer Young testified that Spaulding failed this testing and exhibited impairment through hopping, swaying, missing heel-to-toe steps, and completing an incorrect number of steps, among other indicators.

Spaulding admitted consuming one alcoholic beverage that evening and stated he was simply tired. Spaulding consented to a search of his vehicle, wherein officers found a glass pipe consistent with methamphetamine use. Based on the roadside testing and discovery of drug paraphernalia, Officer Young believed Spaulding was impaired on a combination of alcohol and narcotics. He arrested Spaulding for operating while intoxicated (OWI). During a pat-down search, he found a marijuana pipe in Spaulding's pocket.

Once at the police station, Spaulding signed a form indicating his consent to provide breath and urine samples. His blood alcohol content was measured at

0.04. Toxicology reports indicated his urine contained amphetamine, methamphetamine, and THC metabolites.

In September 2021, a jury found Spaulding guilty of OWI, first offense, in violation of Iowa Code section 321J.2(2)(a). The district court denied Spaulding's motions in arrest of judgment and for new trial. Spaulding filed a timely appeal.

## II. Review.

We review a challenge to the sufficiency of the evidence for the correction of errors at law. *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). If substantial evidence supports the jury's verdict, we will uphold it. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.*

Spaulding contends there was insufficient evidence to support a finding of intoxication or impairment because the results of the field-sobriety and urine-sample tests were not credible or reliable. This argument conflates the nature of sufficiency challenges with that of evidentiary disputes, which are reviewed for an abuse of discretion. *See State v. Dessinger*, 958 N.W.2d 590, 597 (Iowa 2021). Spaulding's appeal challenges the weight of the field-sobriety tests and urine-sample results and not the admissibility of this evidence. "In determining the correctness of a ruling on a motion for judgment of acquittal, we do not resolve conflicts in the evidence, pass upon the credibility of witnesses, or weigh the evidence. Such matters are for the jury." *State v. Hutchison*, 721 N.W.2d 776, 780 (Iowa 2006) (cleaned up) (citation omitted).

### III. Discussion.

Only two elements comprise Spaulding's OWI charge: (1) that he operated a motor vehicle on or about the day in question, and (2) at that time, he (a) was under the influence of alcohol, drugs, or a combination of alcohol and drugs, or (b) had any amount of a controlled substance present in him, as measured in his urine. Only the second element is at issue. We find it is supported by substantial evidence, including the field-sobriety and urine-sample tests, as well as testimony from officers and Iowa Division of Criminal Investigations (DCI) criminalists.

Regarding the field-sobriety tests, Spaulding points out that Officer Young had no baseline with which to compare his behavior and was unaware of any physical limitations. However, bodycam footage displays Spaulding attesting that he did not have physical limitations, nor has he identified any on appeal. Officer Young explained how the tests were performed and why Spaulding failed them.

As for the urine sample, Spaulding lodges a variety of attacks. First, he contends Officer Young did not follow protocols regarding execution of the implied consent documents. Officer Young's bodycam footage reflects that Spaulding verbally acknowledged his consent to provide breath and urine samples before signing a physical document to this effect. This document was scanned and his signature reproduced in multiple places on the officer's report. Officer Young testified these steps were standard procedure to reflect consent for the samples. Regardless, Spaulding does not deny that he signed the form intending to consent to the sample collection.

Next, Spaulding argues the chain of custody for his urine sample was incomplete because he did not personally sign off to verify it was his sample. A

DCI criminalist testified that it is not common for defendants to sign their specimen containers. The criminalist explained that a defendant might sign an implied consent form if applicable, as Spaulding did here. Another DCI criminalist testified that he had never seen a specimen provided with the defendant's signature. Footage from Officer Young's body camera shows that he was in the room with Spaulding when the sample was collected and proceeded to complete the related paperwork and package the specimen. Accordingly, Spaulding has failed to show a reasonable probability of tampering or substitution. *See State v. Bakker*, 262 N.W.2d 538, 542–43 (Iowa 1978) ("[I]n establishing a chain of custody adequate to justify the admission of physical evidence, the State only need show circumstances making it reasonably probable that tampering, substitution or alteration of evidence did not occur.").

Spaulding faults Officer Young for only filling one of two testing vials from the specimen he provided. Officer Young testified, and his body camera reflected, that he had difficulty filling the second vial provided in the specimen kit. He affirmed that although filling two vials is preferred, only one vial is required. Therefore, this complication did not affect the integrity of the sample. Testimony from a DCI criminalist further confirmed that it does not matter whether two testing vials are provided, as only a small amount is needed to test for drugs.

Finally, Spaulding claims his sample was improperly stored because it was unrefrigerated in an evidence locker for more than two weeks before arriving at the DCI laboratory and sat in storage for several additional weeks before being tested. Testimony from three DCI criminalists who handled Spaulding's sample confirmed that the manner and timing of storage was adequate. They indicated that even if

a lack of refrigeration were to have an effect, it would have reduced the amount of drugs that could be detected in the specimen.

Because the State presented sufficient evidence upon which a rational jury could find Spaulding guilty beyond a reasonable doubt, we affirm his conviction.

**AFFIRMED.**